UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re

VERA H. FITZPATRICK                                         Case No. 03-43069

        Debtor

VERA H. FITZPATRICK

        Plaintiff

v.                                                                              Adv. Pro. No. 08-03017-MAM

BANK OF AMERICA, N.A. F/K/A COUNTRYWIDE
HOME LOANS SERVICING, LP and BUTLER
& HOSCH, PA

        Defendants

**ORDER GRANTING IN PART MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PROPOSED EXPERT AND GRANTING IN PART MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED INACCURACIES OF LOAN DEBT FILINGS AND PRE-DISCHARGE AND POST BANKRUPTCY PAYOFF LETTERS**

These matters are before the Court on the motions of Bank of America, LP, and Butler & Hosch, PA, to exclude or limit testimony of Jay Patterson, a designated expert witness of Vera Fitzpatrick, and to limit other accounting evidence. The Court has jurisdiction to hear the matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is granting both motions in part.

FACTS

Vera Fitzpatrick sued the defendants under various theories including violation of the Fair Debt Collection Practices Act and its Florida counterpart, materially inaccurate and/or misleading representations of fact under 11 U.S.C. § 105, breach of contract, and violation of the

1

discharge injunction. The Court dismissed all of the counts except the violation of discharge injunction.

Fitzpatrick alleges that defendants attempted to collect a debt discharged by the bankruptcy case and "substantially frustrated the discharge order . . . and . . . caused the debtor unwarranted and unnecessary time, effort and expense in seeking to enforce . . . [her] rights." (Complaint, ¶ 43). To prove her case, Fitzpatrick hired an expert witness, Jay Patterson, who has prepared a report that the expert states does the following:

1. Examine[s] and analyze[s] all mortgage loan transactional histories and documents pertaining to this mortgage loan and provide[s] an accounting of all funds paid by Ms Fitzpatrick, all funds received by Countrywide Home Loans, and all fees and charges assessed by Countrywide Home Loans.
2. Provide[s] a comprehensive replica of all transactions in a readable and presentable format.
3. Examine[s] and analyze[s] all transactions of this mortgage loan and offer[s] my opinion as to whether or not the monies paid by Ms. Fitzpatrick were applied in accordance with the terms of the Mortgage.

4. Examine[s] all documents pertaining to this loan including the Mortgage Loan Accounting Software transactions, pleadings, and discovery provided.

The defendants admit that the loan was current as of the bankruptcy discharge of Fitzpatrick. Butler & Hosch admits that it mistakenly commenced a foreclosure action against Fitzpatrick's homestead post-discharge. For purposes of these motions, the Court is assuming that the facts stated in Fitzpatrick's responses to the motions are true.

LAW

The defendants filed two motions. The first is Countrywide's (now Bank of America) motion to exclude the entire report and testimony of Jay Patterson. This motion is made pursuant to Fed.R.Evid. 702 that governs the eligibility of expert witnesses to testify in federal courts. The rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The second motion of Butler & Hosch, P.A. seeks to exclude testimony from any witness, but, in particular, the expert, Jay Patterson, about "alleged financial anomalies, misstatements, or errors in the description of Ms. Fitzpatrick's Countrywide debt during the course of the bankruptcy case" and to "exclude testimony and evidence relating to alleged inaccuracies in payoff statement letters, which were generated after the discharge order." This motion is made pursuant to the Fed.R.Evid. 402 that allows the admission of relevant evidence in a trial and allows exclusion of irrelevant evidence if an objection is raised. The Court will address each motion separately.

A.

Bank of America's objection is based upon the Daubert case and its progeny. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *Daubert* and the later cases have extended Daubert's reach to all expert testimony. *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137 (1999). The Eleventh Circuit uses a three part test to determine whether expert testimony is admissible.

> (1) [Is] the expert . . . qualified to testify competently regarding the matters he intends to address?
> (2) [Is] the methodology by which the expert reaches his conclusions . . . sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*?
> (3) [Does] the testimony assist[] the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue?

3

The Court has reviewed Mr. Patterson's curriculum vitae and his report. Mr. Patterson has provided a detailed review of Ms. Fitzpatrick's loan file. His conclusions, based on accounting principles, are that certain inaccuracies occurred in the accounting of Countrywide in Ms. Fitzpatrick's loan. From Attachment #2 to Mr. Patterson's report, it appears he has testified in a court after being qualified as an expert on one occasion. He has done numerous reports and depositions and participated in several mediations. He has provided testimony by affidavit and declaration in several cases.

The Court concludes that Mr. Patterson is competent to testify in this case on the accounting summary he has done. Although not a CPA, he has done a review of the voluminous records in the case and compiled a report on accounting discrepancies. It will be helpful for the Court because it can pinpoint alleged inaccuracies. The testimony will involve a review of documents produced by the defendants, a review done according to accounting principles. The Court will not qualify Mr. Patterson as a fraud examiner because the review is simply one based on accounting principles.

However, the report of Mr. Patterson includes facts and conclusions based upon pre-discharge alleged inaccuracies and alleged "false affidavits." Any testimony about pre-discharge accountings or actions taken or not taken by the defendants will be excluded. The only cause of action to be tried in this case is whether either of the defendants committed a post-discharge violation of the discharge injunction and what damages should be assessed if either did. Pre-discharge conduct, by either the plaintiff or defendants, is irrelevant to the case. The defendants admit the loan was current at discharge and Butler & Hosch admits it erred in filing the foreclosure action. No relevant purpose would be served by allowing testimony about prior action or inaction.

B.

Butler & Hosch, P.A.'s motion to exclude evidence is essentially a relevance objection to admission of any evidence of pre-discharge accountings or actions of the parties and to admission of evidence of post-discharge payoff letters sent to Fitzpatrick by the defendants (or one of them).  For the reasons stated above, the Court is granting the motion to the extent it seeks to preclude evidence of pre-discharge accountings or actions.   However, the post-discharge actions of Butler & Hosch and/or Bank of America are potentially relevant to issues in the case. The Court will not rule on exclusion of any evidence about post-discharge conduct or documents until trial.

Ms. Fitzpatrick wants evidence of pre-discharge conduct to be allowed, in part, to show the Court that the defendants "course of conduct" as to this loan was not appropriate, even before discharge.  The Court suspects the plaintiff wants to use the prior conduct as an argument for a higher damage award or for punitive damages.  The only case where "course of conduct" evidence was allowed that the Court could find dealt with conduct continuing AFTER the complained of conduct, not BEFORE it.  *In re Niegro*, 2001 WL 1700030 (Bankr. M.D.N.C. 2001).  Otherwise, the factors courts have considered in awarding punitive damages in a stay or discharge violation case include "(1) the nature of the defendant's conduct; (2) the nature and extent of the harm to the plaintiff; (3) the defendant's ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor." *Roche v. Pep Boys, Inc., et al.(In re Roche)*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005).  The acts of the defendant must be egregious, malicious, or accompanied by bad faith.  *Id.*  None of these factors or issues allow plaintiff to discuss past behavior, unrelated to the actual alleged violation.  Therefore, use of pre-discharge

evidence of alleged misaccountings is not relevant, especially when the defendants admit that the debtor was current at discharge.

## CONCLUSION

For the reasons indicated above, the motions of the defendants to exclude evidence are due to be granted to the extent of excluding testimony and documents that relate to pre-discharge accounting for Ms. Fitzpatrick's loan. Also, the plaintiff's expert, Jay Patterson, is limited to testifying as to the accounting he did on Fitzpatrick's loan post-discharge. Based upon case law and the cause of action alleged in this case, post-discharge actions and documents are the only relevant issues.

IT IS ORDERED that

1. Countrywide Home Loans Servicing, LP's Motion in Limine to Exclude Plaintiff's Proposed Expert is GRANTED in part. Any testimony by Jay Patterson as to post-discharge accounting of the plaintiff's loan will be allowed.

2. Butler & Hosch, P.A.'s Motion to Exclude Evidence of Alleged Inaccuracies of Loan Debt Filings and Pre-Discharge and Post Bankruptcy Payoff Letters is GRANTED in part. Evidence of post-discharge accounting and documents issued post-discharge to the debtor will be allowed.

Dated: September 23, 2011

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE